Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/13/2024 09:07 AM CDT

State of Nebraska ex rel. Elizabeth Constance et al.,
relators, v. Robert B. Evnen, Secretary of State
of the State of Nebraska, respondent, and
Elizabeth Peterson et al., intervenors.

___ N.W.3d ___

Filed September 13, 2024.    No. S-24-653.

1. **Constitutional Law: Justiciable Issues: Appeal and Error.** Questions
   of justiciability and of constitutional interpretation that do not involve
   factual dispute are questions of law.
2. **Mandamus: Words and Phrases.** Mandamus is a law action and repre-
   sents an extraordinary remedy, not a writ of right.
3. **Mandamus.** Whether to grant a writ of mandamus is within a court's
   discretion.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the matter before it.
5. **Justiciable Issues.** A justiciable issue requires a present, substantial
   controversy between parties having adverse legal interests susceptible to
   immediate resolution and capable of present judicial enforcement.
6. **Courts: Justiciable Issues.** Ripeness is a justiciability doctrine that
   courts consider in determining whether they may properly decide a
   controversy.
7. **Courts.** The fundamental principle of ripeness is that courts should
   avoid entangling themselves, through premature adjudication, in abstract
   disagreements based on contingent future events that may not occur at
   all or may not occur as anticipated.
8. **Initiative and Referendum: Justiciable Issues.** Unlike challenges to
   the form of a ballot measure or the procedural requirements to its place-
   ment on the ballot, which are challenges to whether the measure is
   legally sufficient to be submitted to the voters, substantive challenges to
   proposed initiatives are not justiciable before the measures are adopted
   by voters.

Original action. Writ of mandamus denied.

Joshua M. Livingston, of Koenig Dunne, and David Quinn Gacioch, Dana M. McSherry, and Theresa M. Babendreier, of McDermott, Will & Emery, L.L.P., pro hac vice, for relators.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, and Zachary B. Pohlman, for respondent.

Robert M. Schafer and Jeffery W. Davis, of Smith Schafer Davis, L.L.C., and James A. Campbell, of Alliance Defending Freedom, for intervenors.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

In *State ex rel. Brooks v. Evnen*,[1] we rejected a preelection challenge—based primarily on the single subject limitation[2]— to a ballot initiative entitled "Protect the Right to Abortion." We now do likewise in a preelection challenge to the ballot initiative entitled "Protect Women and Children." Relators in this mandamus action largely concede that if the challenge to the first initiative fails, so does their contest of the second initiative. But regardless, we find no violation of the single subject requirement and determine that any other claims asserted are not ripe. We therefore deny the writ.

## BACKGROUND

### Parties

Relators in this case are 29 retired or currently practicing physicians. They are: Elizabeth Constance, Linda Collins, Courtney McLean, Claire Baker, Rachel Brock, Amy Garwood, Stephanie Gawel, Patricia Bohart, Mark R. Hutchins, Stacie

---

[1] *State ex rel. Brooks v. Evnen, ante* p. 581, ___ N.W.3d ___ (2024).

[2] See Neb. Const. art. III, § 2.

Bleicher, Matthew Glathar, Julie Filips, Sharon Hammer, Deanna L. Hutchins, William Johnson, Alex Dworak, Kate Rosenberger, Brian Gallagher, Quinn Willet, Dawn Hosein, Andrew Bohart, Rachel Blake, Katherine Willet, Tracy Mak, Tara Kirkpatrick, James Nora, Erica Carlsson Buchta, Ryan Shelstad, and Kathryn Borman. Each is a registered voter and resident of Nebraska.

Respondent is Robert B. Evnen, in his official capacity as Nebraska's Secretary of State. In that capacity, Evnen has the duty to place a proposed initiative measure on the general election ballot if "constitutional and statutory requirements have been met" and the petition is "valid and sufficient."[3]

Intervenors are Elizabeth Peterson, Jan Kuehn, Mark Patefield, and Maureen Bausch. They are sponsors of the initiative challenged here.

## Ballot Initiatives

The challenge to the first initiative was disposed in *State ex rel. Brooks*.[4]

The second initiative—now before us in this action—proposed adding a new section in article I of the Nebraska Constitution. The new section would state: "Except when a woman seeks an abortion necessitated by a medical emergency or when the pregnancy results from sexual assault or incest, unborn children shall be protected from abortion in the second and third trimesters."

Enough signatures were delivered to Evnen to place the initiative on the ballot. Evnen's office issued a news release indicating that the petition effort would appear on the ballot.

## Proceedings in Nebraska Supreme Court

We granted relators' application for leave to commence an original action to challenge the second initiative.

---

[3] See Neb. Rev. Stat. § 32-1409(3) (Cum. Supp. 2022).

[4] *State ex rel. Brooks v. Evnen, supra* note 1.

Relators asserted in their verified petition for writ of mandamus and declaratory judgment that both initiatives met the constitutional requirements for inclusion on the ballot and that voters were entitled to consider both. But because the initiatives were structured similarly and because proponents of the second initiative had asked that we keep the first initiative off the ballot, relators argued that we should do the same with respect to the second initiative. According to relators, "The two amendments are structured similarly and either both or neither should appear on the ballot based on consistent application of the relevant constitutional principles."

The petition set forth two "counts": one for violation of the "single subject rule" set forth in Neb. Const. art. III, § 2, and another alleging creation of voter confusion and doubt.

Based on the verified petition, we issued an alternative writ of mandamus instructing Evnen to withhold and remove the second initiative from the November 2024 general election ballot or show cause why a preemptory writ commanding him to do so should not issue.

Subsequently, we granted intervenors' petition to intervene. Intervenors asserted as affirmative defenses that relators' petition for writ of mandamus and declaratory judgment failed to state a claim upon which relief can be granted and that this court lacked jurisdiction over the claim.

Evnen responded to our alterative writ. He asserted that the intervenors could defend their initiative's inclusion on the ballot.

## ISSUES PRESENTED

The principal issue raised is whether a preemptory writ should issue to Evnen. Although relators also requested relief in the form of a declaratory judgment, for the same reasons explained in *State ex rel. Brooks*,[5] that request is subsumed in the issue of mandamus.

---

[5] *Id.*

## APPLICABLE STANDARDS

[1] Questions of justiciability and of constitutional interpretation that do not involve factual dispute are questions of law.[6]

[2,3] Mandamus is a law action and represents an extraordinary remedy, not a writ of right.[7] Whether to grant a writ of mandamus is within a court's discretion.[8]

## ANALYSIS

### Jurisdiction

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[9] Relators seek a writ of mandamus and declaratory judgment concerning an initiative set to appear on the November 2024 ballot. The Nebraska Constitution[10] and a statute[11] provide this court with original jurisdiction in cases requesting a writ of mandamus. Intervenors concede that under these provisions, we generally have "original jurisdiction over these kinds of legal-sufficiency pre-election actions for a writ of mandamus."[12]

Intervenors' jurisdictional challenge focuses on the conditional nature of relators' suit. As we discuss in more detail next, relators opine that both initiatives should appear on the ballot, but they brought this suit to address the second initiative's submission if we determined the first initiative should be withheld. Intervenors thus contend that "[r]elators do not raise an actual case or controversy but rather assert unripe claims dependent on uncertain contingencies."[13] We disagree.

---

[6] *State ex rel. Wagner v. Evnen*, 307 Neb. 142, 948 N.W.2d 244 (2020).

[7] *Id*.

[8] *Id*.

[9] *Dylan H. v. Brooke C., ante* p. 264, 9 N.W.3d 439 (2024).

[10] Neb. Const. art. V, § 2.

[11] Neb. Rev. Stat. § 24-204 (Reissue 2016).

[12] Brief for intervenors at 7.

[13] *Id.*

[5] A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.[14] Although relators may have presented their position in a conditional fashion, their challenge was not conditional. They asserted that the second initiative violates the single subject rule, which presents a real controversy.

## RELATORS' CONCESSION

Relators have essentially conceded that the initiatives should rise or fall together. They asserted in their petition for writ of mandamus and declaratory judgment that "either both [initiatives] or neither should appear on the ballot based on consistent application of the relevant constitutional principles." They also asserted that "both [initiatives] meet the constitutional requirement for inclusion on the ballot."

They made similar statements in their brief. There, relators stated that "Nebraska voters are entitled to consider both amendments in November" and that the first initiative "cannot possibly violate the single subject requirement unless the [second] initiative also violates it."[15]

Because we determined in *State ex rel. Brooks*[16] that the first initiative did not violate the single subject rule, relators have effectively admitted that the second initiative also would not violate the rule. But even without this concession, we determine, as explained below, that the second initiative does not violate the single subject rule.

## SINGLE SUBJECT RULE

Regardless of relators' concession, we reach the same result as in *State ex rel. Brooks*. There, we articulated the standard employed in prior single subject challenges to ballot

---

[14] *Stewart v. Heineman*, 296 Neb. 262, 892 N.W.2d 542 (2017).

[15] Brief for relators at 11.

[16] *State ex rel. Brooks v. Evnen, supra* note 1.

initiatives.[17] We concluded that the first initiative did not violate the single subject rule.

Applying the natural and necessary test to the second initiative, we discern only one subject. The parts of the initiative all relate to the same subject. To hold otherwise would "exercise a pedantic tyranny over efforts to change the law."[18]

In relators' petition, they asserted as "Count Two" that the second initiative would create voter confusion and doubt. In their brief, they make no separate argument and recognize that avoiding voter confusion is a "core purpose[]" of the single subject rule.[19] Indeed, we have identified a purpose of the single subject requirement is to "avoid voter confusion and logrolling."[20] But "we have not said that confusion or doubt are separate requirements for a legally insufficient measure or that they are required elements of the test to determine whether a measure violates the single subject requirement."[21] And because we have determined that the second initiative does not violate the single subject limitation, we need not say more.

## Other Arguments

[6,7] Other arguments asserted are not ripe for review. Ripeness is a justiciability doctrine that courts consider in determining whether they may properly decide a controversy.[22] The fundamental principle of ripeness is that courts should avoid entangling themselves, through premature adjudication, in abstract disagreements based on contingent future events that may not occur at all or may not occur as anticipated.[23]

---

[17] See *id.*

[18] *State ex rel. McNally v. Evnen*, 307 Neb. 103, 125, 948 N.W.2d 463, 480 (2020) (plurality opinion) (internal quotation marks omitted).

[19] Brief for relators at 16.

[20] *Christensen v. Gale*, 301 Neb. 19, 31, 917 N.W.2d 145, 156 (2018).

[21] *State ex rel. McNally v. Evnen, supra* note 18, 307 Neb. at 121, 948 N.W.2d at 478 (plurality opinion).

[22] *State ex rel. Wagner v. Evnen, supra* note 6.

[23] *Id.*

[8] Unlike challenges to the form of a ballot measure or the procedural requirements to its placement on the ballot, which are challenges to whether the measure is legally sufficient to be submitted to the voters, substantive challenges to proposed initiatives are not justiciable before the measures are adopted by voters.[24] Relators' arguments premised upon the initiative's enactment are not ripe for review.

## CONCLUSION

We conclude that the second initiative does not violate the single subject rule. Accordingly, Evnen does not have a duty to withhold it from the general election ballot. Relators' application for a writ of mandamus is denied. The alternative writ is thereby dissolved.

WRIT OF MANDAMUS DENIED.

---

[24] *Christensen v. Gale, supra* note 20.